IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-37,039-02






EX PARTE ALONZO DEE FREEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F40226 IN THE 413TH DISTRICT COURT


FROM JOHNSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
possession of a controlled substance and one count of possession of a firearm by a felon. He was
sentenced to fifteen years' imprisonment on each count. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because trial counsel did not inform him
as to the correct range of punishment on both counts and that his sentence for count one was outside
of the correct punishment range. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court shall obtain a response from Applicant's trial counsel regarding Applicant's
claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). 

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law regarding Applicant's
claims that his plea was involuntary and that counsel was ineffective. The trial court shall make
findings as to whether counsel informed Applicant of the range of punishment both with and without
the enhancement paragraphs as alleged in the indictment. The trial court shall make findings as to
whether Applicant voluntarily pleaded guilty pursuant to the plea bargain agreement. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 19, 2011

Do not publish